■ In the Matter of Eileen Consilvio, as Executive Director of Manhattan Psychiatric Center, Appellant, v Harold N., Respondent. [834 NYS2d 117]—

Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered July 11, 2006, which, after a hearing pursuant to Mental Hygiene Law § 9.31, directed respondent's release from Manhattan Psychiatric Center (MPC), unanimously affirmed, without costs or disbursements.

Two of the three psychiatrists agreed that respondent was

mentally ill, but differed as to his diagnosis.* One of them conceded some question as to whether respondent had exhibited a conduct disorder prior to age 15 (a criterion necessary under the DSM-IV—the latest edition of the American Psychiatric Association's Diagnostic and Statistic Manual of Mental Disorders—for diagnosing antisocial personality disorder), and instead based his diagnosis on respondent's "spectrum" of behavior (a term not included in the DSM-IV). The other two psychiatrists did not refer to this "spectrum." Thus, regardless of the precise diagnosis, petitioner did not submit clear and convincing evidence that respondent suffered from a mental illness.

Petitioner further failed to demonstrate by clear and convincing evidence that inpatient treatment was essential to respondent's welfare, and that his judgment was so impaired that he was unable to understand the need for such care and treatment (*see* Mental Hygiene Law § 9.01). Nor did petitioner demonstrate that respondent posed a substantial risk of physical harm to himself or others (*see Matter of Gilliard v Sanchez*, 219 AD2d 500 [1995]). Respondent had numerous arrests and convictions for prostitution-related crimes more than a decade ago, but he committed no misconduct while in prison, and his behavior during incarceration over the past 10 years demonstrates no signs of violence or threat toward others. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.

---

* Respondent's brief states that he originally petitioned for a writ of habeas corpus challenging the legality of his initial transfer to MPC and that the petition was dismissed as moot in light of Justice Gangel-Jacob's order directing his release. He notes that "the circumstances that originally brought [him] to MPC are not at issue in this appeal," and that the "present application relates solely to MPC's application pursuant [to] Section 9.33 of the Mental Hygiene Law to involuntarily retain [him] as a patient" (*compare State of N.Y. ex rel. Harkavy v Consilvio*, 7 NY3d 607 [2006]).